**UNEEDA DOLL CO., Inc., Plaintiff,**

**v.**

**P & M DOLL CO., Inc., Salvatore Paganello and Joseph Paganello, Defendants.**

United States District Court
S. D. New York.
April 30, 1965.

Kirschstein, Kirschstein & Ottinger, New York City, David B. Kirschstein, New York City, of counsel, for plaintiff.

Harry Price, New York City, for defendants.

CASHIN, District Judge.

On December 21, 1964 the Register of Copyrights issued to the plaintiff, Uneeda Doll Co., Inc., a certificate of registration covering a doll posed upon a red and white barber pole. On December 23, 1964 that same office issued to Uneeda another certificate covering a doll display box containing a barber pole. (The doll and display box will be referred to as "Baby Trix").

Uneeda claims that the manufacture and sale of a display box containing a doll clutching a red and white striped pole ("Rosie Posie") by the P & M Doll Co., Inc., infringes its valid copyrights. Seeking immediate relief the plaintiff brings this motion for a preliminary injunction to prevent the manufacture and sale of "Rosie Posie".

On April 21 and 22, 1965 I held a full hearing on this matter. Plaintiff practically conceded, and the evidence demonstrated, that the dolls themselves are dissimilar. An examination of the boxes discloses that aside from superficial similarities of size and shape, their appearance is quite disparate. Both are open-front cardboard boxes with the sides angled back into the box to give an illusion of depth and to form a stage for the doll. The designs and color patterns appearing on the surface of the boxes are almost completely different. A red and white striped pole is fixed vertically in each box. Without the pole and its relationship to the rest of the display the plaintiff would have great difficulty in presenting an arguable case of infringement.

Plaintiff argues that it has copyrighted "a doll on a pole in a display box", and the defendants' production of another "doll on a pole in a display box" infringes its copyrights. Assuming, *arguendo*, that Uneeda's copyrights can be

sustained, Dan Kasoff, Inc. v. Gresco Jewelry Co., 204 F.Supp. 694 (S.D.N.Y. 1962), aff'd Dan Kasoff, Inc. v. Novelty Jewelry Co., 309 F.2d 745 (2 Cir. 1962); Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954); Rushton v. Vitale, 218 F.2d 434 (2 Cir. 1955); Alfred Bell & Co. v. Catalda Fine Arts, 191 F.2d 99 (2 Cir. 1951), I nevertheless hold that defendants' manufacture and sale of "Rosie Posie" did not infringe rights protected by those copyrights.

 An abstract idea is not a proper subject for copyright protection. Only the tangible expression of that idea is copyrightable. Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841 (1879). In Mazer v. Stein, supra, 347 U.S. at page 218, 74 S.Ct. at page 471 the Supreme Court noted:—

> "* * * Thus, respondents may not exclude others from using statuettes of human figures in table lamps; they may only prevent use of copies of their statuettes as such or as incorporated in some other article. * * *"

The idea of a doll on a pole in a display box may be appropriated by any manufacturer. What he may not appropriate is Uneeda's tangible expression of that idea—the "Baby Trix" display. It may be that "Rosie Posie" competes in the very market in which "Baby Trix" has been selling, and buyers may choose "Rosie Posie" in place of "Baby Trix", but that does not necessarily mean that there has been an infringement of protected rights. I hold that the access necessary to a finding of copying is present, but I also hold that any copying here was limited to the abstract idea of a doll on a pole in a display box and did not extend to Uneeda's tangible expression of that idea. Nichols v. Universal Pictures Corporation, 45 F.2d 119 (2 Cir. 1930); Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2 Cir. 1960); Barton Candy Corp. v. Tell Chocolate Novelties Corp., 178 F.Supp. 577 (E.D.N.Y.1959); Prestige Floral, Societe Anonyme v. Zunino-Altman, Inc., 203 F.Supp. 649 (S.D.N.Y.1962), aff'd 301 F.2d 286 (2 Cir. 1962).

Plaintiff has made a showing of irreparable injury, but it has not made the *prima facie* showing of infringement necessary for the granting of a preliminary injunction. Plaintiff has not convinced me that there is a strong likelihood that it will succeed in its action. Rushton v. Vitale, supra.

It is my opinion that the sooner this case is tried the better it will be for all parties. An application for a preference must, of course, be made to the Chief Judge of this Court.

The temporary restraining order issued by Judge Tenney, and extended by me, is hereby vacated.

The motion for a preliminary injunction is denied. The above opinion shall constitute by Findings of Fact and Conclusions of Law.

It is so ordered.