Marty **AMES** et al., Plaintiffs-Appellants,

v.

**ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AFM,** et al., Defendants-Appellees.

No. 377, Docket 30393.

United States Court of Appeals Second Circuit.

Argued March 24, 1966.

Decided April 1, 1966.

Godfrey P. Schmidt, New York City, for appellants.

David I. Ashe, New York City (Ashe & Rifkin, New York City, on the brief), for appellee, Local 802.

Emanuel Dannett, New York City (Eugene Mittelman, and McGoldrick, Dannett, Horowitz & Golub, New York City, of counsel), for appellee, American Federation of Musicians.

Herbert Burstein and Arthur Liberstein, New York City (Zelby & Burstein, New York City, of counsel), for appellee, Harry H. Gerstein.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

PER CURIAM:

This is an appeal from a district court order which denied plaintiffs' motion for a preliminary injunction. Appellants sought to enjoin defendants from:

"(i) Enforcing or applying LOCAL 802 MUSICAL ENGAGEMENTS WELFARE FUND and the provisions unilaterally made by defendant unions and applied by them and the other defendants with respect to or in connection with that Fund, until decision on the motion for preliminary injunction brought on by this Order to Show Cause;

"(ii) Imposing upon and applying to plaintiffs the other LOCAL 802 and AFM [American Federation of Musicians] Bylaws set forth in EXHIBIT E annexed to the complaint;

"(iii) Imposing upon plaintiffs the current 'Memorandum of Agreement' dated in December, 1963, or any part thereof, concluded between certain hotels, nightclubs and restaurants on the one hand and defendant LOCAL 802 on the other hand;

"(iv) Collaborating for the purpose or with the effect of requiring plaintiffs to renegotiate with their clients any written or oral contracts for a future musical engagement in order to make such contracts conform with the unilateral exactions or impositions contained in said EXHIBIT E;

"(v) Requiring orchestra-leader-employers and their clients to use the fictional, false and fraudulent 'Form B' contracts;

"(vi) Combining or collaborating in any way for the purpose or with the effect of visiting any reprisal or retaliation upon any plaintiff or any employee of any plaintiff, because of plaintiffs' participation in this action or because of plaintiffs' failure or refusal to comply with EXHIBIT E annexed to the complaint * * *."

■ We have noted the very limited scope of review over interlocutory orders granting or denying a preliminary injunction. See Carroll v. Associated Musicians of Greater New York, 284 F.2d 91, 92 (2d Cir. 1960); Huber Baking Co. v. Stroehmann Bros. Co., 208 F.2d 464, 467 (2d Cir. 1953).

■ Here, none of the appellants appears to have been adversely affected by any of the actions which they seek to enjoin. None of the appellants has paid

any money into the amended Welfare Plan. No appellant has been brought up on charges by Local 802 for failure to make such a payment or for violating any of the other regulations that they now challenge. We agree with the district court that there is no showing that plaintiffs are threatened with irreparable injury. See Foundry Services, Inc. v. Beneflux Corp., 206 F.2d 214, 216 (2d Cir. 1953). Moreover, the plaintiffs failed to make the required "clear showing of probable success." Societe Comptoir De L'Industrie v. Alexander's Dep't Store, 299 F.2d 33, 35, 1 A.L.R.3d 752 (2d Cir. 1962).

If at any time before the trial and decision of the case the appellants should face the prospect of irreparable injury, they may then seek from the district court the necessary protective action.

Affirmed.