Frank **SANTOS**, Louis Candela, Dominick **De Sanno** and James Cuoco, each of them individually and on behalf of all other members of local unions affiliated with District Council No. 9, Brotherhood of Painters, Decorators and Paperhangers of America, employed as finishers of architectural woodwork, similarly situated, Plaintiffs-Appellants,

v.

Peter J. **BONANNO**, as Financial Secretary, and Sidney Aaronson, as Chairman, and Irving Lachman, as Vice Chairman, and Leon Flumenbaum, as Recording Secretary, and Sam Kaminir, as Treasurer of Local Union 1011, Brotherhood of Painters, Decorators and Paperhangers of America, Defendants-Appellees.

No. 172, Docket 30723.

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1966.

Decided Dec. 6, 1966.

Burton H. Hall, New York City, for appellants.

Michael A. Buonora, New York City, for appellees.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from an order denying a preliminary injunction in an action under 29 U.S.C. §§ 411(a) (1), (2), 412 relating to the equal rights of members of labor organizations. The complaint alleges that defendants, officers of Local Union 1011 of the Brotherhood of Painters, Decorators and Paperhangers, denied plaintiffs their rights, granted by the union constitution, to transfer into Local 1011; the injunction sought would restrain defendants from interfering with that right.

 Defendants contend that the transfer right established by the union constitution is available only to travelling members, those who have left the jurisdiction of a local union or district council in search of employment elsewhere. They argue that the right may not be invoked by members such as these plaintiffs who have at all times lived and worked within the jurisdiction of the same district council.

"The award of a preliminary injunction is an extraordinary remedy which will not be granted [except] upon a clear showing of probable success and possible irreparable injury to the plaintiffs." Societe Comptoir De L'Industrie Cotonniere Etablissements Boussac v. Alexander's Department Stores, Inc., 299 F.2d 33, 35 (2d Cir. 1962). Moreover, a motion for a preliminary injunction is addressed to the sound discretion of the district court and its order will not be disturbed unless that discretion has been abused. Huber Baking Co. v. Stroehmann Bros. Co., 208 F.2d 464, 467 (2d Cir. 1953).

The court below found that plaintiffs had not made a sufficient showing of the probability of their ultimate success because the union constitution does not, on its face, grant plaintiffs the transfer right to which they lay claim. It concluded that plaintiffs' contention that practice and tradition had placed a broader interpretation on the constitutional provisions in question was not adequately supported in the record before it and would have to be proven at a trial.

No ground is suggested for believing that plaintiffs will suffer any irreparable injury if the injunction is denied and their rights secured to them only after a full trial has developed that they have the rights they claim. Ames v. Associated Musicians of Greater New York, 359 F. 2d 777 (2d Cir. 1966).

We find no error in the determination of the district court.

Affirmed.