**KLAUBER BROTHERS, INC., Plaintiff,**

v.

**LADY MARLENE BRASSIERE CORP. and Acme Laces, Inc., Defendants.**

No. 67 Civ. 4679.

United States District Court
S. D. New York.

Jan. 10, 1968.

Helfat & Helfat, New York City, for plaintiff; Bernard A. Helfat, New York City, of counsel.

Lackenbach & Siegel, New York City, for defendant Lady Marlene Brassiere Corp.; Armand E. Lackenbach, New York City, of counsel.

Golenbock & Barell, New York City, for defendant Acme Laces, Inc.; Ernest Walton, New York City, of counsel.

PALMIERI, District Judge.

The plaintiff, a converter of laces, has brought this copyright infringement action claiming infringement of three copyrighted designs by both defendants and, additionally, the infringement of a design patent by the defendant Acme Laces, Inc. (Acme). Until recently the defendant Lady Marlene Brassiere Corp. (Marlene), presently a customer of Acme, was a valued customer of plaintiff. Acme, like the plaintiff, is a converter of laces dealing, allegedly, in lower priced merchandise.

The issues before this Court are presented by plaintiff's motion for threshold injunctive relief. For the reasons which follow, the motion must be denied.

The defendant Marlene is a long established manufacturer of foundation garments, including brassieres, corselettes and girdles. The laces which are the subjects of contention in the suit were incorporated in these garments and were illustrated in Marlene's sales catalogues. Admittedly, at least two of them (# 1666 and #1669) were similar in appearance to certain of the laces previously purchased from plaintiff by Marlene.

There is a serious factual dispute between the parties with respect to the circumstances which led to the business relationships between Acme and Marlene and the latter's purchases of the laces which are accused in the plaintiff's action. There is a further and related factual dispute with respect to whether the defendants availed themselves legally and in good faith of designs which were the property of a third party, or whether, as plaintiff asserts, they pirated plaintiff's designs. Factual issues are present which require the thorough exploration which can only be afforded by the trial court. It follows that the plaintiff has not demonstrated the clear showing of probable success upon the trial which the grant of the requested relief requires. Societe Comptoir de L'Industrie, etc. v. Alexander's Dept. Stores, Inc.,

299 F.2d 33, 35, 1 A.L.R.2d 752 (2d Cir. 1962). See also, Santos v. Bonanno, 369 F.2d 369 (2d Cir. 1966).

■ Additionally, it appears that the plaintiff was aware of the defendants' activities for about a year before this lawsuit was brought. This is made clear by a letter addressed by plaintiff to Marlene under the date of December 5, 1966. Marlene was advised of plaintiff's copyrights—pattern numbers 1666 and 1669 among others were expressly referred to—and Marlene was put on notice that "one of our competitors is trying to copy some of our patterns"; and further, that "we [plaintiff] would like to inform you *once again* that most of our patterns are copyright patterns, and that we must protect them to the full extent of the law." (Italics supplied.) In all the circumstances of this case the plaintiff's inaction for about a year disentitles it from the drastic threshold remedy it seeks. See, Thomas Wilson & Co. v. Irving Dorfman Co., 268 F.Supp. 711 (S.D.N.Y.1967); Veterans of Foreign Wars v. Durable Outfitters, 88 F.Supp. 731 (S.D.N.Y.1949).

■■ Other considerations also militate against the plaintiff's position on this motion. Lace designs, unlike some of the cloth or textile fabric designs used only for one season, appear to have more stable marketability and are not so hurriedly swept away from the market by sudden changes of taste and style. Lace designs appear to have a longer commercial life. The plaintiff does not therefore appear before the Court as a litigant faced with the risk of forfeiting his rights through delay in the resolution of his lawsuit. Indeed, the plaintiff's prolonged inaction after notice of defendants' alleged activities dispels the notion that plaintiff considered itself to be in such a position (or faced with the danger of irreparable damage) when its action was commenced. The plaintiff suggests that the fact that its order to show cause seeking interim injunctive relief was filed contemporaneously with its complaint mitigates the effect of the delay. This Court cannot agree. The plaintiff was still very late in complaining—at any rate too late to justify the drastic remedy it now seeks. Lastly, it appears that damages would be an adequate remedy in the event plaintiff recovers, and that the defendants can respond to a judgment for money damages. American Visuals Corp. v. Holland, 219 F.2d 223 (2d Cir. 1955).

The motion for preliminary injunction is denied. It is so ordered.