HELENA RUBINSTEIN, INC., Plaintiff,

v.

FRANCES DENNEY, INC., Defendant.

No. 67 Civ. 1784.

United States District Court
S. D. New York.

July 1, 1968.

Burgess, Ryan & Hicks, New York City, for plaintiff; by John F. Ryan, New York City, of counsel.

Blum, Moscovitz, Friedman, Blum & Kaplan, New York City, for defendant; by Alex Friedman and Martin J. Beran, New York City, of counsel.

## OPINION

POLLACK, District Judge.

Plaintiff moves under Rule 65, F.R. Civ.P. to enjoin defendant, *pendente lite*, from using the mark BEAUTY LIFT in connection with its manufacture or sale of cosmetics or toiletries. Plaintiff sells a face lotion under the trademark BEAUTILIFT and claims sales of such goods every year from 1936 to date. The plaintiff claims that its mark has been accepted and recognized by the purchasing public as identifying a product originating with the plaintiff.

Jurisdiction is based upon diversity of citizenship and requisite amount in controversy and is also posited on §§ 39, 43(a), 44(b), (g), (h), (i) of the Trademark Act of 1946 (15 U.S.C. § 1121, § 1125(a), § 1126(b), (g), (h), (i).

Plaintiff learned of the defendant's use of BEAUTY LIFT as a name for its face lotion during 1966. After settlement negotiations between the parties faltered, plaintiff commenced this action in May 1967, for infringement of a common-law trademark owned by plaintiff and for unfair competition.

About one year later, in May 1968, plaintiff made the present motion for a preliminary injunction. The defendant opposes the motion upon the grounds that there is serious doubt of the merit of plaintiff's action and that neither diligence nor irreparable injury are shown

sufficiently to warrant a preliminary injunction.

Generally, the Court may, "in the exercise of its discretion, properly grant an interlocutory injunction when it is satisfied that there is a probable right and a probable danger and that the right may be defeated, unless the injunction is issued; that the plaintiff is in substantial need of protection and that the damage to him, if the injunction is denied, plainly outweighs any foreseeable harm to the defendant". 7 Moore's Federal Practice ¶ 65.04[1], p. 1627, citing Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir.1953).

The plaintiff contends that there can be but one resolution of this case on its merits. It contends that the similarity both in name and in product, and the continuous use of its mark by plaintiff for more than 30 years, predict inevitable findings of validity of its mark and infringement by the defendant.

The defendant, however, claims plaintiff must ultimately fail in its suit; that BEAUTILIFT is not a valid trademark; that even in plaintiff's own advertising materials, the words "beauty" and "lift" are used descriptively.

Where a trademark employs descriptive words, its validity may not be upheld absent a showing of "secondary meaning", an association in the minds of a substantial portion of the consuming public of the trademark with the product of its alleged proprietor. Sunrise Home Juices, Inc. v. Coca-Cola Company, 220 F.Supp. 558 (S.D.N.Y.1963); Jean Patou, Inc. v. Jacqueline Cochran, Inc., 201 F.Supp. 861 (S.D.N.Y.1962), aff'd. 312 F.2d 125 (2d Cir. 1963). In the latter case, Judge Bonsal stated:

" * * * the mark employed, JOY, is not one which is fanciful or arbitrary in relation to the type of product on which it is used. Indeed it could be said to be descriptive of the product's end effect upon the user. Hence plaintiff must show that JOY has become known in the market place as the name for goods coming from or through a particular source * * * Whether or not a mark has acquired a secondary meaning is a question of fact in each case. Restatement, Torts, § 716, comment b (1938). The burden of proof rests with the plaintiff. 3 Callman, Unfair Competition and Trade-Marks 1237 (2d ed. 1950)."

It was eventually held in *Jean Patou* that JOY OF BATHING as the name of a bath oil did not infringe the registered trademark JOY for cosmetics and soap.

In the cosmetics field, secondary meaning appears particularly difficult to establish. In The Tayton Company v. Revlon Products Corporation, 65 U.S. P.Q. 406, at 407 (S.D.N.Y.1945), plaintiff was denied a temporary injunction against defendant's use of the name DYNAMITE which it claimed infringed its trade-mark PINK DYNAMITE. The Court (Clancy, D. J.) said:

" * * * What the parties sell is a promise of glamour for their customers or a glamour they attribute to their article and the selling of either might imply that their mark is adopted to describe their article and is so understood by their customers. * * * The great number of phrases and words used by cosmetic manufacturers as marks to distinguish their numerous products may indicate their understanding that the marks are employed to insinuate the inherence of some characteristic virtue or quality in the article and therefore are not fanciful. Any reference implied to the maker would be incidental. A trial is required to develop this issue."

Similarly, in this case, this Court cannot on papers alone determine whether the plaintiff's product has been so associated in the mind of the public with the phrase BEAUTILIFT as to evoke the belief that the product of the defendant emanated from the plaintiff. It should be noted that at present the plaintiff's product BEAUTILIFT lotion is sold only at plaintiff's salon on Fifth Avenue

in New York City and is not advertised. In 1967, the plaintiff sold only about 400 bottles of this product. On the basis of affidavits submitted on behalf of the defendant it would appear that there exists a substantial issue of fact as to whether the plaintiff's product is known at all by the consuming public. The papers on this motion do not contain any convincing evidence of confusion or that defendant has tried to "palm-off" its goods as those of the plaintiff.

Furthermore, defendant questions plaintiff's title to a common-law trademark. Originally registered with the United States Patent Office (Reg. #352,210), the plaintiff's trademark expired in 1957. When plaintiff re-applied for registration in 1962, the Patent Office refused to reissue a registration on the ground that the Andrew Jergens Company was then the owner of this trademark in this country.

Balancing the hardships to the respective parties, it is difficult to see how the plaintiff can be seriously harmed by a denial of a temporary injunction. Plaintiff's sales of its product are miniscule both absolutely and in comparison with the volume of business it enjoys with respect to its other cosmetic items. As there is no advertising of BEAUTI-LIFT, no advertising value is lost.

On the other hand, the defendant has advertised its MOISTURIZING BEAUTY LIFT product in cooperative advertising with its customers in at least 50 different cities in the United States during the years 1966, 1967 and 1968, and has spent thereon more than $10,000. in 1968. Defendant's wholesale sales of its product during January–May 1968 have totalled $12,738. Requiring the defendant to cease using its label BEAUTY LIFT pending determination of this litigation might cause it considerable damage, both long and short range.

Plaintiff first learned of the defendant's use of the name BEAUTY LIFT in September 1966; suit was filed in May 1967, and the instant motion was not filed until May 20, 1968. During this entire period, to plaintiff's knowledge, the defendant has continued to utilize the name BEAUTY LIFT. Yet, plaintiff waited nearly two years before seeking immediate injunctive relief for what now is pictured as an urgent need.

Delays in seeking preliminary injunctions have, without more, been held grounds for barring that relief. Klauber Brothers, Inc. v. Lady Marlene Brassiere Corp., 157 U.S.P.Q. 338 (S.D.N.Y. 1968); Thomas Wilson & Co. v. Irving J. Dorfman Co., 268 F.Supp. 711 (S.D. N.Y.1967); Gillette Company v. Ed Pinaud, Inc., 178 F.Supp. 618 (S.D.N.Y. 1959). In the latter case, Judge Bryan stated:

" * * * while laches may not be sufficient bar to a permanent injunction it may well be a bar to preliminary relief. A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action and cannot complain of the delay involved pending any final relief to which it may be entitled after a trial of all the issues. * * * "

See also, 4 Callman, op. cit. pp. 1829–1830.

In the instant case, it has been sufficiently indicated for present purposes that there exists doubt as to the validity of the plaintiff's trademark, as to the existence of secondary meaning, as to irreparable injury to the plaintiff, and as to plaintiff's diligence in seeking a provisional remedy. This is a case which should be disposed of only after a trial. No issue has been raised as to the defendants' financial responsibility and the Court is not in a position at this time to determine plaintiff's rights with certainty sufficient to warrant the grant of the relief presently requested. See, The Tayton Company v. Revlon Products Corporation, supra.

Accordingly, in the exercise of this Court's discretion, the plaintiff's motion for a preliminary injunction is in all respects denied.

So ordered.