CONCORD FABRICS, INC., Plaintiff,

v.

MARCUS BROTHERS TEXTILE CORP., Defendant.

No. 69 Civ. 595.

United States District Court
S. D. New York.

Feb. 26, 1969.

Otterbourg, Steindler, Houston & Rosen, New York City, for plaintiff.

Amster & Rothstein, New York City, for defendant.

EDELSTEIN, District Judge.

## OPINION

This is an action for copyright infringement brought under the Copyright Laws of the United States (17 U.S.C. §§ 1–32). Concord Fabrics, Inc., plaintiff herein, seeks a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Marcus Brothers Textile Corp., defendants, from manufacturing, converting, selling and distributing textile materials bearing purported reproductions of the work of art known as plaintiff's design pattern No. 7073, the subject matter of the suit at hand. A temporary restraining order was issued by this court on February 19, 1969. Thereafter, on February 24, 1969,

a complete hearing was held on the motion for a preliminary injunction.

Both plaintiff and defendant are substantial converters of greige goods and both have significant design departments.

Plaintiff's handkerchief type pattern was duly copyrighted in 1968 and defendant raises no objection for the purposes of this motion to its validity. Defendant, however, does deny infringing plaintiff's copyright.

It is well settled in this circuit that in copyright infringement cases a preliminary injunction should issue when the plaintiff has made out a prima facie case of copyright infringement, even without his having made a detailed showing of the danger of irreparable harm to him if his motion be denied. Rushton v. Vitale, 218 F.2d 434 (2d Cir. 1955); Prestige Floral, etc. v. California Artificial Flower Co., 201 F.Supp. 287 (S.D.N.Y.) aff'd. per curiam Prestige Floral, etc. v. Zunino-Altman, Inc., 301 F.2d 286, 287 (2d Cir.1962); Uneeda Doll Co., Inc., v. Goldfarb Novelty Co., Inc., 373 F.2d 851 (2d Cir.1967); American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc., 389 F.2d 903 (2d Cir. 1968).

That rule, however, does in no way dispense with or mitigate plaintiff's burden of showing that he has a reasonable probability of success on the merits when the matter is finally adjudicated. Klauber Brothers, Inc., v. Lady Marlene Brassiere Corp., 285 F.Supp. 806 (S.D. N.Y.1968); Ross Products, Inc. v. New York Merchandise Co., Inc., 233 F.Supp. 260 (S.D.N.Y.1964). The ultimate test to be applied to determine whether there is such a substantial similarity between the copyrighted work and the alleged copy, such to protect the former and enjoin distribution of the latter, is whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work. Ideal Toy Corp. v. Fab-Lu Ltd. (Inc.,), 360 F.2d 1021 (2d Cir.1966).

738

The copyright in the instant case protects plaintiff's particular motif —his original artwork. It does not protect the basic handkerchief design which is a common and popular one throughout the woman's clothing industry. Consequently, any similarities must be found in the designs within the large squares which compose the handkerchief and not in the squares themselves. Plaintiff makes no claim that his copyright grants him the exclusive right to produce the handkerchief design.

The artwork within the squares does include some similarities, but the differences are at least as striking. In fact, other than the use of an inner circle and a circular design therein, defendant's motifs are distinguishable from plaintiff's. For example, defendant's work has approximately 25 daisies in each handkerchief motif which are not found in plaintiff's pattern, and plaintiff's pattern has 12 geometrical designs and 32 kidney-shaped designs which have no counterpart in defendant's pattern. See Ideal Toy Corp., *supra*; Manes Fabric Co. v. Miss Celebrity, Inc., 246 F.Supp. 975 (S.D.N.Y.1965); Condotti, Inc. v. Slifka, 223 F.Supp. 412 (S.D.N.Y.1963).

At worst, what defendant has done here is to use an idea of plaintiff's, to wit, the imposition of a smaller square and a circular design therein within the framework of a large handkerchief design. That the usurping of an idea as compared to the usurping of the expression of that idea is protected is clear. Millworth Converting Corp. v. Slifka, 276 F.2d 443 (2d Cir.1960); Condotti, Inc. v. Slifka, *supra*; Manes Fabrics Co. v. Miss Celebrity, Inc., *supra*.

In any event, it is clear that the ordinary observer unless he set out to overlook the disparities, would be disposed to detect them and to regard their aesthetic appeal as somewhat different. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960); *Ideal Toy Corp., supra*; Kontes Glass Co. v. Lab Glass, Inc., 373 F.2d

319 (3rd Cir.1967); *Condotti, supra*; *Manes Fabrics, supra*.

This court concludes that plaintiff has failed in his burden of showing that the designs are so similar that upon trial on the merits he has a reasonable probability of success.

Accordingly, plaintiff's motion is denied; the temporary restraining order is dissolved.

So ordered.