**CORNING GLASS WORKS, Plaintiff,**

v.

**LADY CORNELLA INC., Bizon Sales, Inc., Paul Brussloff, and Ben Fireman, Defendants.**

**Civ. No. 33688.**

United States District Court

E. D. Michigan, S. D.

Oct. 21, 1969.

**1230**

David P. Wood, Laurence M. Scoville, Jr., Jeffrey L. Dow, Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., for plaintiff; Alfred P. O'Hara, Marie V. Driscoll, Rogers, Hoge & Hills, New York City, of counsel.

A. Albert Sugar, Sugar, Schwartz, Silver, Schwartz & Tyler, Detroit, Mich., for defendants, Lady Cornella Inc., Paul Brussloff, and Ben Fireman.

I. Goodman Cohen, Detroit, Mich., for defendant Bizon Sales, Inc.

## OPINION GRANTING PRELIMINARY INJUNCTION

KAESS, District Judge.

This is an action for trademark infringement and unfair competition brought by plaintiff, Corning Glass Works, against the defendants, Lady Cornella, Inc., Bizon Sales, Inc., Paul Brussloff, and Ben Fireman. In the instant motion plaintiff seeks a preliminary injunction during the pendency of this action that defendants, their agents, servants, employees, and all those holding by, through, or under them, or any of them, be enjoined and restrained from using the term "Corning", "Corning Ware", or "Lady Cornellia", or its floral design or any other term, name, mark, or design in connection with the manufacture, sale, offering for sale, or advertisement of ovenware and other goods or services. The plaintiff further prays that defendants be enjoined and restrained from doing any other act or thing calculated as likely to cause confusion or mistake in the mind of the public or to deceive purchasers and customers into the belief that defendants' goods are the goods of the plaintiff, or come from or are sponsored by the plaintiff.

An award of a preliminary injunction is an extraordinary remedy which will not be granted except on a clear showing of probable success and possible irreparable injury to the plaintiff. American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc., 389 F.2d 903 (2d Cir., 1968); Clairol Inc. v. Gillette Co., 389 F.2d 264 (2d Cir., 1968); Santos v. Bonanno, 369 F.2d 369 (2d Cir., 1966). Granting or denying an application for a temporary injunction is within the sound judicial discretion of the court to which application is made. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944); Brewer v. Huger, 358 F.2d 739 (5th Cir., 1966); Huard-Steinheiser, Inc. v. Henry, 280 F.2d 79 (6th Cir., 1960); American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc., supra. This discretionary power must be exercised with great caution. Sam Goldfarb Plymouth, Inc. v. Chrysler Corp., 214 F.Supp. 600 (D.C.Mich., 1962). Thus when a motion for preliminary injunction is presented to the court in advance of a hearing on the merits, the

court exercises its discretion upon the basis of a series of estimates: the relative importance of the rights asserted and the acts sought to be enjoined, the irreparable nature of the injury alleged flowing from denial of preliminary relief, the balancing of damage and convenience generally and the probability of the ultimate success or failure of the suit. Doeskin Products v. United Paper Co., 195 F.2d 356 (7th Cir., 1952); Securities and Exchange Comn. v. Investment Bankers of America, Inc., 181 F. Supp. 346 (D.C.D.C.1960). Possible harm to the public interest is another area for the court's consideration. Nelson v. Miller, 373 F.2d 474 (3d Cir., 1967), cert. denied 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980. The usual function of a preliminary injunction is to preserve the status quo ante litem pending the ultimate determination of the action on its merits, and the status quo is the last uncontested status which preceded the pending controversy. Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F. 2d 804 (9th Cir., 1963), cert. denied 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55; Sunbeam Corp. v. Economy Distributing Co., 131 F.Supp. 791 (D.C.Mich.1955); Steggles v. National Discount Corp., 326 Mich. 44, 39 N.W.2d 237, 15 A.L.R.2d 208 (1949).

■■ The court by no means intends to prejudge the case at bar on its merits. The trial should render the answers to such questions as why the name "Lady Cornellia", why the blue floral design on a white background, and why the incorrect address on the guarantee. However, as to the instant motion for a preliminary injunction, the court has before it the plaintiff's petition amply supported by numerous affidavits covering all requisites for a preliminary injunction. The statements of fact in these affidavits may be taken as true where no counteraffidavits are filed in opposition to the motion for preliminary injunction. Western Air Lines, Inc. v. Flight Engineers Intern. Assn., AFL–CIO, 194 F.Supp. 908 (D.C.Cal., 1961); Group v. Finletter, 108 F.Supp. 327 (D. C.D.C., 1952). In addition the court has had an opportunity to see the products involved in this litigation and makes the preliminary conclusion that an unsuspecting stranger might very well be confused into mistaking one for the other. The petitioner has brought forth several exhibits in support of the affidavits that might lead, in a trial on the merits, to a conclusion of fraud being present in this situation.

As to balancing the interests of the parties, the court takes the greatest recognition of the interests of the public as a whole. If the plaintiff is successful in this action and ultimately proves its allegations at the trial on the merits, innocent third parties will have been irreparably damaged unless this court issues the requested writ or injunction pendente lite.

In the case of Haeger Potteries, Inc. v. Gilner Potteries, 123 F.Supp. 261 (D. C.Cal., 1954), the court had before it a motion for preliminary injunction based upon a similar set of facts. The court granted the preliminary injunction for much the same reasoning which this court employs in the present case.

Plaintiff's motion for preliminary injunction will be granted for the reasons stated, and because of the high probability that the plaintiff will make out a case at the trial. Plaintiff will lodge with this court an order for issuance of a writ of injunction pendente lite as prayed, conditioned upon plaintiff's furnishing a bond in the sum of $20,000.00 in the form and manner specified in Rule 65(c) of the Federal Rules of Civil Procedure.