The **ROBERT STIGWOOD GROUP LIMITED**, Leeds Music Limited, Leeds Music Corporation, Plaintiffs,

v.

Betty **SPERBER**, individually and doing business as The Original American Touring Company and Betty Sperber Management, Inc., Defendants.

No. 71 Civ. 3499.

United States District Court, S. D. New York.

Aug. 26, 1971.

Abeles & Clark, New York City, for plaintiffs.

Robert L. Fitzpatrick, Los Angeles, Cal., Leonard Rubel, New York City, Zalk, Rubel & Perret, New York City, of counsel, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PIERCE, District Judge.

Plaintiffs seek a preliminary injunction enjoining defendants from performing and advertising performances of a copyrighted work entitled "JESUS CHRIST SUPERSTAR, a Rock Opera", or any portion thereof. In addition, plaintiffs request that defendants be enjoined from utilizing the name "The Original American Touring Company" in conjunction with their alleged performances of the copyrighted work. The motion for the preliminary injunction was brought on by order to show cause, dated August 6, 1971, and at that time a temporary restraining order was granted. On August 14, 1971, the temporary restraining order was dissolved pending this decision on plaintiffs' motion for a preliminary injunction.

The dispute in this case involves a musical work, JESUS CHRIST SUPERSTAR (hereinafter referred to as "Superstar"), which is a rock opera depicting the last seven days in the life of Christ. The composers, Timothy Rice and Andrew Lloyd Webber, assigned the dramatico-musical work to plaintiff Leeds Music Limited, which secured a copyright for the work and assigned the United States rights thereunder to Leeds Music Corporation, also a plaintiff in this action. The Robert Stigwood Group Limited, the third plaintiff in this action, acquired by assignment the United States rights in the professional stage production under the copyright of the rock opera. In addition to assigning the rights to the dramatico-musical work, Leeds Music Limited, a member of The American Society of Composers, Authors and Publishers (hereinafter referred to as "ASCAP"),

entered into the usual and customary membership agreement with ASCAP, which gave ASCAP the right to license the non-dramatic performance of each song in the "Superstar" album, save one.

Defendants in this action are Betty Sperber, The Original American Touring Company, and Betty Sperber Management, Inc. Defendant Betty Sperber arranges bookings for The Original American Touring Company, which performs musical selections from "Superstar." These performances have taken place throughout the country, giving rise to a series of court suits, one of which is presently before this Court.

It is undisputed that plaintiffs hold the copyright and the rights thereunder for the professional stage production of "Superstar." The copyright is for the dramatico-musical work, registered pursuant to 17 U.S.C. Sec. 5(d) (1964). It is also uncontroverted, thus far, that defendants have only performed for producers or promoters who operate under the license agreement with ASCAP, authorizing the performance of "non-dramatic renditions" of musical compositions copyrighted by members of AS-CAP. This Court is called upon to determine the respective rights of plaintiffs under the copyright of the dramatico-musical work and of the defendants under the ASCAP license for non-dramatic performances of the work.

Defendants present concert performances of "Superstar" singing twenty of the twenty-three songs in the opera, interspersed with some religious works which are not from "Superstar." The songs from the rock opera are sung in sequence, but the performance is presented without conventional dramatic rendition, scenery, costumes or the other usual trappings of operatic performance. Plaintiffs assert that the singing of most of the songs from "Superstar" in sequence creates a dramatic effect which renders defendants' performances dramatico-musical productions infringing upon plaintiffs' copyright. Defendants, on the other hand, submit that their presentation of musical selections from "Superstar" is within the purview of the ASCAP license.

Both parties rely on Rice v. American Program Bureau, (2d Cir., 1971), 446 F.2d 685. In that case, the United States Court of Appeals reviewed the respective rights of plaintiffs under the copyright and of defendants therein under the ASCAP license. The Court noted that the license issued on the ASCAP repertoire is limited to the "non-dramatic rendition of the separate musical compositions, copyrighted by members of the Society." Excluded under the agreement are three dramatic categories: performance of (1) the overall work, (2) excerpts when accompanied by words, dance, pantomime, visual representation, and (3) fragments or instrumental selections accompanied by words, costumes, dialogue and scenery. *Rice, supra,* at 689. "In short," the Court concluded, "ASCAP receives the right to license the separate songs, including their lyrics, but not the opera in its entirety or any part of it on the legitimate stage." *Rice, supra,* at 689.

Plaintiffs' contention here is that defendants' singing of most of the songs of "Superstar" in sequence constitutes a dramatic rendition of the rock opera. The Court in *Rice* stated that "the presentation of all of the songs from the opera *Jesus Christ Superstar* without costumes, words, or scenery, but in sequence could arguably develop the overall plot of the opera, and thus it might possibly be 'dramatic' or be a presentation of the opera in its 'entirety.' But we have no proof of this here and until there is proof, we cannot so hold." *Rice, supra,* at 690.

■■ This is precisely the state of the record in this case. Plaintiffs merely offer conclusory statements asserting that defendants concert performances, without costumes or scenery, result in dramatic renditions of "Superstar." For the purposes of obtaining a preliminary injunction, this is insufficient. To obtain a preliminary injunction for infringement of a copyright a plaintiff must present a prima facie case and

show a probability of success on the merits. Concord Fabrics, Inc. v. Marcus Bros. Textile Corp., 296 F.Supp. 736 (S. D.N.Y.1969), rev'd on other grounds, 409 F.2d 1315 (2d Cir. 1969). Uneeda Doll Co. v. P & M Doll Co., 241 F.Supp. 675 (S.D.N.Y.1965), aff'd 353 F.2d 788 (1965); G. P. Putnam's Sons v. Lancer Books, Inc., 239 F.Supp. 782 (S.D.N.Y. 1965); Ross Products, Inc. v. New York Merchandise Co., 233 F.Supp. 260 (S.D. N.Y.1964). The Court concludes that plaintiffs have not met that burden here. Accordingly, plaintiffs' motion for a preliminary injunction restraining defendants from performing selections from "Superstar" is hereby denied.

■ Plaintiffs also seek a preliminary injunction barring defendants from advertising their performances of the selections from "Superstar." On the issue of advertising *Rice* held that the ASCAP license did not include a right to advertise that a program consisted of the entire work, or even an adaptation thereof. *Rice, supra,* at 689, 690. This Court is bound by that holding. Therefore, defendants will be enjoined from directly or indirectly advertising or in any way representing any presentation as being from JESUS CHRIST SUPERSTAR or any song, instrumental selection or excerpt as taken therefrom in whole or in part. The Court intends this injunction to prohibit the use of the title of the opera in the advertisements for defendants' concerts. However, it is the view of the Court that the *Rice* decision would not preclude defendants from identifying the individual song titles in the publicity for their performances. Thus, the injunction does not prohibit advertising of that nature.

■ Finally, plaintiffs seek an injunction against defendants' use of the name "The Original American Touring Company" in conjunction with their performances. The company performing under the rights of the Stigwood group is called "The National Touring Company." Thus, plaintiffs allege that the name of defendants' company was created to confuse the public mind and that this constitutes the unfair trade practice of "palming off." To prove "palming off" plaintiffs would have to show that defendants' practices had created confusion in the mind of the public, or that a likelihood of confusion existed. Remco Industries, Inc. v. Toyomenka, Inc., 286 F.Supp. 948, 954 (S.D.N.Y.1968), aff'd 397 F.2d 977 (2d Cir. 1968). Plaintiffs have failed to present evidence of confusion sufficient to meet their burden on a motion for a preliminary injunction. What little evidence plaintiffs adduced is substantially offset by numerous exhibits which defendants presented, demonstrating that the public mind as reflected in press accounts has distinguished plaintiffs' and defendants' respective productions. Therefore, the Court concludes that plaintiffs are not entitled to a preliminary injunction against defendants with respect to the use of the name "The Original American Touring Company."

The foregoing constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.

Plaintiffs' motion for a preliminary injunction is denied in part and granted in part.

So ordered.