**GREENSBORO HOSIERY MILLS, INC.,**
**Appellee,**

v.

**Reed JOHNSTON, Regional Director,**
**Eleventh Region,**
**National Labor Relations Board,**
**Appellant.**

**No. 10164.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1965.

Decided May 2, 1967.

---

tor of the National Labor Relations Board from holding representation elections.

Plaintiff, Greensboro Hosiery Mills, Inc., (hereafter, the company) is a North Carolina corporation engaged in operating a hosiery manufacturing plant at Greensboro, North Carolina. On June 7, 1965, the Regional Director of the National Labor Relations Board (hereafter, the Board) ordered that elections be held on June 23, 1965, at the company's plant to determine whether plaintiff's employees (shop employees and plant production employees) desired to be represented by certain labor unions as their collective bargaining agents. However, on June 18, 1965, the Regional Director advised the company by telegram that he had been informed that the company had posted, in the plant, notices to its employees which contained statements that unionization would be detrimental to them. The Regional Director further advised the company that if the notices were not removed he would postpone the elections scheduled for June 23, 1965, and would reschedule them for the week of July 5, 1965, off the company's premises. Upon the company's unqualified refusal to remove the notices, the Regional Director postponed the June 23 elections and rescheduled them at a site removed from the company's property. However, before such elections could be conducted the company brought suit in the federal district court for an injunction to prevent the holding of the elections as rescheduled. After a hearing the district court granted the injunction on the grounds that the Regional Director had exceeded his statutory authority and had infringed upon the company's constitutionally guaranteed right of freedom of speech.

The Regional Director appeals from the order granting the injunction, contending that the federal district court was without jurisdiction to entertain such a suit. We reverse the judgment of the district court.

Elliott Moore, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Michael Sohn, Attorney, N. L. R. B., on brief), for appellant.

Ernest W. Machen, Jr., Charlotte, N. C. (J. W. Alexander, Jr., and Blakeney, Alexander & Machen, Charlotte, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Circuit Judge, and MARTIN, District Judge.

BOREMAN, Circuit Judge.

On this appeal appellant challenges the legality of an order by a federal district court enjoining a Regional Direc-

The pertinent statutory language, legislative history and judicial

decisions lead to the inescapable conclusion that Congress did not intend to permit immediate judicial review of Board decisions in union certification matters. Original jurisdiction is vested in the Board to determine employer objections to such orders and the Board is also given the authority to declare that an employer's refusal to recognize and bargain with the certified union is an unfair labor practice. Furthermore, even when judicial review is permitted by the statute subsequent to certification and the Board's finding of unfair labor practices, Congress decided to deliberately bypass the federal district courts.

The statute on its face clearly vests original jurisdiction in the Board and gives the court of appeals authority to review the decisions of the Board. Section 9(c) (1) of the Act provides that if the Board finds that a question of representation exists "it shall direct an election by secret ballot and shall certify the results thereof." 29 U.S.C. § 159(c) (1). Under section 3(b) of the Act, 29 U.S.C. § 153(b), the Board is permitted to delegate to its regional directors the authority to hold elections. Sections 9(d) and 10(f), 29 U.S.C. § 159(d) and § 160(f), provide for complete judicial review by courts of appeals of orders of the Board involving questions of certification.[1]

Nowhere is found any requirement that the Board must order elections to be held *on the premises of the employer.* Nor is there a provision that federal district courts have jurisdiction to issue injunctions to prevent the Board from holding elections or to otherwise review any order or decisions of the Board or its regional directors.

The legislative history of the Act is replete with explanations of policy considerations underlying the decision of Congress to provide that orders in certification proceedings are not directly reviewable in the courts. The House Report made in 1935, when the Act was originally passed, stated:

"When an employee organization has built up its membership to a point where it is entitled to be recognized as the representative of the employees for collective bargaining, and the employer refuses to accord such recognition, the union, unless an election can promptly be held to determine the choice of representation, runs the risk of impairment of strength by attrition and delay while the case is dragging on through the courts, or else is forced to call a strike to achieve recognition by its own economic power. * * *." [2]

The Senate report [3] and remarks on the floor echoed the sentiment that there would be "review in the courts only after the election has been held and the Board has ordered the employer to do some-

---

[1]. Section 9(d) of the Act, 29 U.S.C. § 159 (d), provides in pertinent part: "Whenever an order of the Board made pursuant to section 160(c) * * * is based in whole or in part upon facts certified following an investigation pursuant to subsection (c) of this section and there is a petition for the enforcement or review of such order, such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed under subsection (e) or (f) of section 160 * * *, and thereupon the decree of the court enforcing, modifying, or setting aside in whole or in part the order of the Board shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript."

Section 10(f) of the Act, 29 U.S.C. § 160(f), concerns itself with judicial review of Board orders by the courts of appeals and provides: "Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside. * * *."

[2]. H.R.Rep. No. 972, 74th Cong., 1st Sess., 5.

[3]. See S.Rep. No. 573, 74th Cong., 1st Sess., which states that "[s]ection 9 (d) makes it absolutely clear that there shall be no right to court review anterior to the holding of an election." p. 14.

thing predicated upon the results of the election." [4]

Subsequently, in 1947, when Congress undertook to reevaluate the effects of its labor policy, it elected to continue the limitations upon judicial review. Moreover, a conference committee rejected a House amendment which would have permitted any interested person to obtain review immediately after certification.[5] Senator Taft, sponsor of the major amendments to the nation's labor law, remarked that "such provision would permit dilatory tactics in representation proceedings." [6]

This policy has been respected by the courts charged with the duty to review orders of the Board. In only two cases which have come to our attention has the Supreme Court permitted a federal district court to entertain a suit for an injunction where questions of representation were involved. Both of these cases involved exceptional factual situations of such urgency as to warrant the overriding of the congressional policy against such immediate review. In McCulloch v. Sociedad Nacional, 372 U.S. 10, 83 S. Ct. 671, 9 L.Ed.2d 547 (1963), the district court's assertion of jurisdiction was upheld in a situation involving the application of American law to foreign-flag ships. The basis for permitting the suit in the district court was held to be "the presence of public questions particularly high in the scale of our national interest because of their international complexion." 372 U.S. at 17, 83 S.Ct. at 675. In such circumstances the Court found "uniquely compelling justification for prompt judicial resolution of the controversy over the Board's power." Ibid. Clearly this decision has no possible application to the case at bar.

The other decision in which the district court's assertion of jurisdiction was upheld was Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). However, there involved was a clear violation by the Board of a provision of the Act. Section 9(b) (1) of the Act, 29 U.S.C. § 159(b) (1), provides that professional workers shall not be included in a unit with nonprofessionals unless the former group votes for such inclusion. The Board had included such professionals in a unit with nonprofessionals without the required approval of a majority of the former. The district court found that the Board had violated a clear provision of the Act and set aside the Board's determination. On appeal the Board did not contest the finding that it had violated the Act but concerned itself with the district court's jurisdiction to hear the case. The Supreme Court upheld the judgment of the district court to prevent deprivation of a right given to the professional employees by Congress.

In Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), the most recent reaffirmation of the congressional policy to restrict review of Board orders in certification matters, the Supreme Court reversed the district court's assumption of jurisdiction in a representation case. The Board had concluded that two companies were joint employers and that the appropriate unit consisted of all the employees of both employers. The district court, in a suit by one employer, concluded that it had jurisdiction under Leedom v. Kyne, supra, and proceeded to set aside the Board's decision and to permanently enjoin the holding of the election. This decision was affirmed by the court of appeals. The Supreme Court reversed, noting that Board decisions in certification proceedings "are normally reviewable only where the dispute concerning the correctness of the certification eventuates in a finding by the Board that an unfair labor practice has been committed * * *. In such a case, § 9(d) of the Act makes full provision for judicial review of the underlying certifica-

4. 79 Cong.Rec. 7658.

5. See H.R.Rep. No. 245, 80th Cong., 1st Sess., 43; H.R.Rep. No. 510, 80th Cong., 1st Sess., 56–57.

6. 93 Cong.Rec. 6444.

**32**

tion order * * *." 376 U.S. at 477, 84 S.Ct. at 896. After a discussion of its holding in Leedom v. Kyne, supra, the Court said:

"The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion that does not comport with the law." 376 U.S. at 481, 84 S.Ct. at 899.

In deciding that it had jurisdiction, the district court, in the case before us, relied in large measure upon the holding in Leedom v. Kyne, supra, and found that the Board had "clearly exceeded its authority in that through its power to govern the election machinery it undertook to cut off the privilege of free speech * * *."

The district court relied also upon Fay v. Douds, 172 F.2d 720 (2 Cir. 1949), which held that the district court had jurisdiction in certification proceedings where it was alleged that a constitutional right has been violated and such allegation was not transparently frivolous. In *Fay* a union local argued that the Board's denial of a hearing on the question of calling an election was a taking of its property right to remain exclusive agent without due process of law. While rejecting the union's contention that it had been denied constitutional rights, the court held that such a position was not so untenable as to permit the district court to decline jurisdiction. It was held that once the court assumed jurisdiction it could dispose of all other questions. This decision is not, of course, binding on this circuit and we do not find it persuasive in these circumstances.

As previously noted, the Act does not require the Board or the Regional Director to hold an election at the company plant. There was no plain violation of a clear constitutional or statutory limitation upon the conduct of the Board or the Regional Director. In view of the language of the statute, the clear and unambiguous congressional policy behind

it and the teachings of the Supreme Court, we hold that the district court was without jurisdiction to entertain this suit and to grant the requested relief.

Therefore, the judgment below is reversed and the case is remanded with directions to the district court to enter an order of dismissal.

Reversed and remanded for dismissal.