469 F.2d 1387
 COMMONWEALTH OF PENNSYLVANIA ex rel. J. Shane CREAMER et
al., and James A. McHale, Secretary of
Agriculture, Appellants in No. 72-1660,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE et al.
Independent Meat Packers and Processors of Pennsylvania and
Peters Brothers Meat Market Incorporation,
Intervening Plaintiffs.
James A. McHALE, Secretary of Agriculture, Appellant in No. 72-1661,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE et al.
 Nos. 72-1660, 72-1661.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 14, 1972.
Decided Nov. 28, 1972.
 
 Thomas J. Oravetz, Harrisburg, Pa., for appellants.
 John C. Uhler, U. S. Dept. of Justice, Harrisburg, Pa., for appellees.
 Before ALDISERT, GIBBONS and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 In this appeal from the denial of a preliminary injunction we are limited to determining whether there has been an abuse of discretion, an error of law or a clear mistake in the consideration of the proof. National Land & Investment Co. v. Specter, 428 F.2d 91, 95 (3d Cir. 1970). We find no such abuse, error or mistake, and affirm.
 
 
 2
 Measured against the standards set forth in Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958), and adopted by this court in Penn Central Transportation Co. (Appeal of State of New York), 457 F.2d 381 (3d Cir. 1972),[1] we find that the Commonwealth failed to make a strong showing that it will prevail on the merits and that it will be irreparably injured. Moreover, because of the uncontroverted existence of certain inadequacies in the Pennsylvania meat inspection program, there was the possibility of substantial harm to the public. Thus, on balance, the public interest was properly served by the denial of the preliminary injunction. In holding that the Commonwealth is not entitled to a preliminary injunction, however, the trial court did not preclude the Commonwealth from fully developing its case at the final hearing.
 
 
 3
 While the above is dispositive of this appeal, two issues raised on appeal deserve comment. The Commonwealth contends that in considering the likelihood of its prevailing on the merits, the trial court ignored several alternative theories of relief. This, the Commonwealth contends, amounts to an error of law or mistake in the consideration of the proof. The district court's finding of a lack of sufficient showing of irreparable harm renders this contention irrelevant at this procedural stage. A finding of no irreparable harm is itself sufficient to uphold the district court's denial of a preliminary injunction as a proper exercise of discretion. National Land & Investment Co. v. Specter, supra, 428 F.2d at 97.[2] We conclude that the district court's finding of no irreparable harm was not clearly erroneous. Additionally, in weighing the consequences of a preliminary injunction with the probability of success at final hearing, a district court need not examine every possible theory of recovery in great detail where it appears that under any theory the potential detriment to both the public interest and interested parties tips the balance against the granting of an injunction.
 
 
 4
 On appeal the government for the first time raises the question of the Commonwealth's standing to maintain this action. Clearly the Commonwealth has standing not as parens patriae but through its interest in upholding its own meat inspection laws and inspection programs. South Carolina v. Katzenbach, 383 U.S. 301, 86 S.Ct. 803, 15 L.Ed.2d 769 (1966). We need not decide therefore whether the Commonwealth's loss of federal matching funds is sufficient to create an independent basis for standing.
 
 
 5
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 These standards are:
 (1) Did the plaintiff make a strong showing that it is likely to prevail on the merits? (2) Did the plaintiff show that without such relief it will be irreparably injured? (3) Would the grant of a preliminary injunction substantially have harmed other parties interested in the proceedings? (4) Where lies the public interest?
 Croskey Street Concerned Citizens v. Romney, 459 F.2d 109, 112 (3d Cir. 1972), Concurring Opinion, Aldisert, J.
 
 
 [2]
 "Again we emphasize the elementary principle that a preliminary injunction shall not issue except upon a showing of irreparable injury." National Land & Investment Co. v. Specter, supra, at 97