Dr. Joseph T. SKEHAN, Plaintiff,

v.

**BOARD OF TRUSTEES OF BLOOMS-
BURG STATE COLLEGE et al.,
Defendants.**

Civ. A. No. 72–644.

United States District Court,
M. D. Pennsylvania.

Jan. 31, 1973.

Cohen & Lore, Philadelphia, Pa., for plaintiff.

J. Shane Creamer, Atty. Gen., Department of Justice, Harrisburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

On October 10, 1972, Plaintiff filed this action in the United States District Court for the Eastern District of Pennsylvania, alleging that on November 13, 1970, the Defendants summarily and unconstitutionally dismissed Plaintiff from his position as Professor of Economics at Bloomsburg State College. On December 22, 1972, the action was transferred to this Court. A hearing was held on January 11 and 12, 1973, to consider Plaintiff's motion for preliminary injunctive relief in the form of reinstatement to his teaching position with back pay.

Preliminary relief is extraordinary in nature, and is discretionary with the trial judge. See United States Steel Corp. v. Fraternal Association of Steelhaulers, 431 F.2d 1046 (3d Cir. 1970). The standards which govern the issuance of a preliminary injunction are as follows:

"(1) Did the Plaintiff make a strong showing that it is likely to prevail on the merits? (2) Did the Plaintiff show that without such relief it will

be irreparably injured? (3) Would the grant of a preliminary injunction substantially have harmed other parties interested in the proceedings? (4) Where lies the public interest?" Commonwealth of Pennsylvania v. United States Department of Agriculture, 469 F.2d 1387 at p. 1388 n. 1 (3d Cir. 1972).

Since I find that Plaintiff has failed to show that without the preliminary injunction he will be irreparably injured, his motion will be denied. Plaintiff has been without employment since he was dismissed in November, 1970, and he contends that said dismissal has made it impossible for him to secure similar employment. However, Plaintiff did not file this action until nearly two years after the events which gave rise to his complaints. Delays in seeking preliminary injunctions have been held grounds for barring that relief. Since an application for preliminary injunction is based upon an urgent need for the protection of Plaintiff's rights, a long delay in seeking relief indicates that speedy action is not required. Gillette Company v. Ed Pinaud, Inc., 178 F.Supp. 618, 622 (S.D.N.Y.1959) (involving 4 year delay). See also Gianni Cereda Fabrics, Inc. v. Bazaar Fabrics, Inc., 335 F.Supp. 278 (S.D.N.Y.1971) (7½ month delay); Klauber Brothers, Inc. v. Lady Marlene Brassiere Corp., 285 F.Supp. 806 (S.D.N.Y.1968) (1 year delay).

Plaintiff relies on Newcomer v. Coleman, 323 F.Supp. 1363 (D.Conn.1970), in which the Court granted preliminary relief on facts similar to those in the case at bar. However, in *Newcomer*, it appears that the Plaintiff instituted the action very shortly after the alleged wrongdoing occurred, the hearing being held within two months of the discharge.

In denying Plaintiff's motion for preliminary relief on the grounds that his nearly two-year delay in filing this action negates any showing of irreparable injury, I make no finding on whether Plaintiff has shown that he is likely to prevail on the merits of this case. A finding of no irreparable harm is itself sufficient to deny a motion for preliminary injunction. Commonwealth of Pennsylvania v. United States Department of Agriculture, 469 F.2d 1387 at p. 1388 (3d Cir. 1972).