NISSIN FOODS (USA) COMPANY, INC., Plaintiff,

v.

NATIONAL LABOR RELATIONS BOARD, Peter W. Hirsch and William Lubbers, General Counsel, Defendants.

Civ. A. No. 81–2113.

United States District Court, E. D. Pennsylvania.

May 29, 1981.

On Motion For Reconsideration June 2, 1981.

Stephen J. Weglarz, John A. Kenneff, Susan Friedman, Lancaster, Pa., for plaintiff.

Leonard Leventhal, N.L.R.B., Philadelphia, Pa., Richard Zuckerman, U. S. Dept. Labor, Washington, D. C., for defendants.

## BENCH OPINION

TROUTMAN, District Judge.

THE COURT: Good morning. Because this is an emergency matter requiring immediate attention, we shall dispose of it from the bench without the niceties of what sometimes is called a formal opinion.

The plaintiff, engaged in the business of food producing, seeks injunctive relief, namely, a temporary restraining order staying an administrative hearing to be held May 26, 1981, pending resolution of the issues here presented. Plaintiff contends that the defendant National Labor Relations Board, NLRB, is prosecuting unfair labor practices against plaintiff notwithstanding the fact that an administrative assistant has asserted that several of the cases upon which the labor complaint is based are without merit.

The Regional Director of the NLRB filed unfair labor practices against plaintiff as a result of a representation election held in June, 1980. The union had filed and subsequently withdrew objections to the election in September of 1980. The union also filed a series of unfair labor practice charges against the plaintiff upon which the Regional Director of the NLRB acted. The administrative hearing scheduled for May 26, 1981, will determine the representation and unfair labor practice issues.

Plaintiff fears that, absent grant of the requested relief, it will be prevented from receiving a full and fair administrative hearing and will, as a result, suffer substantial economic harm. Plaintiff contends that litigation of the case, in light of the alleged admission that some of the charges lack merit, violates the National Labor Relations Act, 29 U.S.C., Section 151 et seq., as well as 29 C.F.R., Code of Federal Regulations, No. 101.8. Plaintiff further complains that defendants have refused and continue to refuse to permit NLRB employees to testify and/or produce documents essential to the plaintiff's defense at the administrative hearing. Plaintiff considers this withholding of information violative of its right of due process under the Fifth Amendment.

Plaintiff asks this Court to decide which of the charges have merit, if any, and to order production of documents deemed necessary by plaintiff for a fair administrative hearing.

■ Preliminarily, defendants question the power of this Court to hear plaintiff's complaint. The action of the NLRB regarding representation and unfair labor practice claims cannot be challenged in an independent suit in federal district court unless the Board violates a clear statutory mandate. See *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), or the plaintiff asserts the deprivation of a constitutional right which is not obviously frivolous. *Fay v. Douds*, 172 F.2d 720 (Second Circuit 1949). Thus, plaintiff relies not wholly, of course, but heavily upon *Leedom v. Kyne* and *Fay v. Douds*.

Interestingly, *Fay v. Douds* has been criticized or questioned and at least not followed in various cases and under various situations. We here call attention to the case of *Grutka v. Barbour*, 549 F.2d 5 (Seventh Circuit), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977); *Amalgamated Meat Cutters v. Allen*, 423 F.2d 267 (Eighth Circuit 1970), *Greensboro Hosiery Mills, Inc. v. Johnston*, 377 F.2d 28 (Fourth Circuit 1967); *Boire v. Miami Herald Publishing Company*, 343 F.2d 17 (Fifth Circuit), *cert. denied*, 382 U.S. 824, 86 S.Ct. 56, 15 L.Ed.2d 70 (1965); *Utica Mutual Insurance Co. v. Vincent*, 375 F.2d 129 (Second Circuit), *cert. denied*, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967). Also, see *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99 (Third Circuit 1979).

The plaintiff, attempting to fit the circumstances of this case into the latter mold, claims that defendants are prosecuting plaintiff for pursuing the issues involved in this case with knowledge that some or all of the charges lack merit in violation of the National Labor Relations Act and the regulations issued thereunder. Defendants' failure to supply plaintiff with requested information, argues plaintiff, will result in the deprivation of plaintiff's property rights in violation of the Fifth Amendment by expos-

ing the plaintiff to substantial fines, penalties, fees, costs and expenses.

As the plaintiff logically contends, the situation is not unlike that existing in *NLRB vs. Capitol Fish Company*, 48 LRRM, 3067 (Fifth Circuit 1961). Now, in that case, Capitol Fish Company case, the respondent contended that the findings of the examiner were not supported by substantial evidence. That case involved a petition by the National Labor Relations Board for enforcement of its order. There the moving party contended that it had been denied the right to introduce material evidence based upon the contention that the general counsel's refusal to permit the attorney who investigated the case to testify and the trial examiner's quashing of the subpoena issued to the attorney constituted a violation of due process. There, the report shows, that "At the outset of the hearing, the respondent moved that the hearing be postponed 'until such time as the General Counsel grants permission for Mr. Miller to testify.' The trial examiner denied the motion on the ground that the general counsel had already denied the request. The investigating attorney was present and represented the general counsel at the hearing. Another Board attorney moved to quash the subpoena on the grounds that 'the permission to testify had been denied and the material is irrelevant anyway.' The trial examiner granted the motion and revoked the subpoena."

"The unrebutted testimony of one Robert Poole, who voluntarily left Capitol Fish Company for a better paying job, supported the respondent's contention that the investigating attorney's testimony would have an important bearing on the credibility of all of the witnesses who testified against Capitol Fish."

The court there noted in remanding the record for further proceedings as follows: "The record indicates that the trial examiner did not consider whether the General Counsel was right or wrong in refusing to allow the investigating attorney to testify."

Now, in Capitol Fish, the court was asked to look back and determine whether due process had been afforded the plaintiff. Here we are asked to look forward and assume that due process will be denied.

Notwithstanding grave doubts concerning the continuing vitality of the Fay exception, as reflected in the cases cited above, and notwithstanding some doubts as to plaintiff's characterization of the process due it under the Fifth Amendment, the Court will assume jurisdiction for the purpose of this hearing and, in order to expedite consideration of this matter, will excuse the so-called exhaustion requirement.

To obtain preliminary injunctive relief, the plaintiff must demonstrate, one, that irreparable injury will occur if relief is not granted until a final adjudication on the merits can be made; two, that there is a reasonable probability of success on the merits; three, that the possibility of harm to the non-moving party, as well as to any other interested party, will be minimal; and, four, that harm to the public, when relevant, will not be likely. See *Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351 (Third Circuit 1980). *Accord, Kennecott v. Smith Corp.*, 637 F.2d 181 (Third Circuit 1980), *Fitzgerald v. Mountain Laurel Racing Corp.*, 607 F.2d 589 (Third Circuit 1979).

■ To prove "irreparable injury" plaintiff must show an "imminent threat" rather than the mere "possibility of remote future injury." Again, see *Continental Group, Inc. v. Amoco.* And also see generally *Perkins v. Wagner*, 513 F.Supp. 904 No. 81–484 (E.D.Pa.1981); and *Kocher Coal Co. v. Marshall*, 497 F.Supp. 73 (E.D.Pa.1980).

Thus, as stated, the burden in this proceeding rests upon the plaintiff to show irreparable injury, and this must be in the nature of an imminent threat as opposed to a possibility of remote injury in the future.

■ We conclude on the basis of the pleadings filed, there having been no testimony produced, that the plaintiff has failed to meet this burden. Plaintiff asserts or finds "irreparable harm" in that it may be prevented from receiving a full and fair administrative hearing, that it may be de-

nied an adequate administrative remedy and suffers "substantial economic harm" by loss of goodwill, may suffer a temporary plant shutdown during the hearing, loss of sales, loss of profit and suffer legal costs and expenses. Plaintiff also fears, and understandably asserts, that defendants' refusal to permit employees to testify and to produce documentary evidence will irreparably harm plaintiff for the reason that plaintiff has no means of obtaining this information.

Clearly, the economic harm which the plaintiff asserts, however substantial, will not support the issuance and the granting of injunctive relief such as is sought in the case. See *Oburn v. Shapp*, 521 F.2d 142 (Third Circuit 1975); nor will litigation expenses or substantial and unrecoupable costs justify the grant of such extraordinary relief. See *Renegotiation Board v. Bannercroft Clothing Co.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974). Likewise, and most importantly, internal appellate procedures within the Board framework, as well as opportunity for review by the Court of Appeals, will provide and should provide the plaintiff with adequate remedies for any deprivation or violations of its right to a full and fair administrative hearing.

Accordingly, we find and conclude that plaintiff has failed to demonstrate irreparable harm. This finding alone suffices to warrant denial of the requested injunctive relief. See *Commonwealth of Pennsylvania ex rel. Creamer v. United States Department of Agriculture*, 469 F.2d 1387 (Third Circuit 1972).

An appropriate order will therefore be entered denying the injunctive relief. This conclusion renders moot the remainder of plaintiff's claims given an immediate hearing as scheduled, and the complaint will accordingly be dismissed *sua sponte*. See *Bryson v. Brand Insulators, Inc.*, 621 F.2d 556 (Third Circuit 1980).

In reaching our conclusion, we assume that the plaintiff will pursue its contentions before an impartial Administrative Law Judge with the vigor and the vitality evident in these emergency proceedings before this Court in which event the administrative abuses alleged will surely surface and become the subject of correction and appropriate remedy either by the Administrative Law Judge or the appellate court. Further intrusion by this Court into the administrative and appellate procedures mandated by Congress is not warranted. An appropriate order will therefore be entered.

And finally, I desire to express our appreciation to counsel for their sacrifice in giving us this, the first day of a long holiday weekend, to accommodate the disposition of this emergency hearing. Thank you very much, gentlemen, and unless there is something further, court is adjourned.

(Whereupon, at 10:37 a. m. court was adjourned.)

## ON MOTION FOR RECONSIDERATION

THE COURT: Let the record show that the plaintiff has again presented its position in support of its motion for reconsideration. This has been done in this emergency hearing in the absence of defense counsel, and we have, as we have advised plaintiff's counsel, reached a ruling in the case which, after telephone conversation with defense counsel, indicates no need for their appearance either today, if that were possible, and it is not, or on a later date.

Although the Court, within the confines of its schedule could indeed hear the matter further next week, there seems to be no need to further postpone it. Rather it appears to the Court that the plaintiffs are indeed entitled to an early decision by this Court so that the plaintiff may exercise its remedies either before the NLRB or before the Circuit Court of Appeals or both. Accordingly, we shall, as we did on Saturday, dispose of the motion for reconsideration by way of this bench opinion, and we shall at this time rule directly and specifically on the question of jurisdiction.

As to jurisdiction, the Court on Saturday assumed jurisdiction and then did dispose of the case on the basis of other questions involved. Today, we shall reach the issue of jurisdiction as well as other matters.

Now, as we previously noted in our bench opinion on Saturday, the action of the NLRB cannot be challenged in an independent suit in federal district court unless the Board violated a clear statutory mandate. *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), or the plaintiff asserts the deprivation of a constitutional right which is not obviously frivolous. *Fay v. Douds*, 172 F.2d 720 (2d Cir. 1949).

To invoke the jurisdiction of this Court, plaintiff must, therefore, show that the Board "clearly breached the bounds of its proper authority as a matter of law." *Machinery, Scrap Iron, etc. Employees Local 714 v. Madden*, 343 F.2d 497 (7th Cir. 1965), cert. denied, 382 U.S. 822, 86 S.Ct. 53, 15 L.Ed.2d 69 (1966), or plaintiff must show that the Board patently disregarded the bounds of its statutory jurisdiction. *Grutka v. Barbour*, 549 F.2d 5 (7th Cir.), cert. denied, 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977).

In the case at bar, the plaintiff originally alleged that, without the requested relief, it would be prevented from receiving a full and fair administrative hearing and would suffer substantial economic harm. Plaintiff contended that the prosecution of this case, in light of the alleged admission that some of the charges lacked merit, violated the National Labor Relations Act, 29 U.S.C., 151 et seq., as well as 29 C.F.R., 101.8. Plaintiff also complained that defendants' refusal to permit NLRB employees to testify and/or produce documents essential to plaintiff's defense at the administrative hearing constituted a violation of rights secured by the Due Process Clause of the Fifth Amendment.

Today, after one day of hearing before the Administrative Law Judge, which hearing is presently on-going plaintiff further argues that the Administrative Law Judge has ruled that he lacks power to overrule general counsel of the NLRB, and he, therefore, revoked the subpoenas in question, that he refused to consider or even read the plaintiff's motion for a pretrial ruling concerning the supposedly meritless charges to which Hoeber, H-o-e-b-e-r, adverted, and

that plaintiff cannot sue the NLRB for abuse of process because of the Federal Tort Claims Act, and hence, they suffer irreparable harm.

■ These additional contentions do not, in our judgment, warrant an exercise of jurisdiction permitted by the narrow exception created by *Leedom v. Kyne*.

Alternatively, under the *Fay* doctrine, plaintiff could establish jurisdiction by alleging the deprivation of a constitutional right which is not obviously frivolous. However, the *Fay* doctrine never gained wide or strong support among the circuit courts. See, for example, *Grutka v. Barbour*, supra, *Amalgamated Meat Cutters v. Allen*, 423 F.2d 267 (8th Cir. 1970); *Greensboro Hoisery Mills, Inc. v. Johnston*, 377 F.2d 28 (4th Cir. 1967); *Boire v. Miami Herald Publishing Co.*, 343 F.2d 17 (5th Cir.); cert. denied, 382 U.S. 824, 86 S.Ct. 56, 15 L.Ed.2d 70 (1965). In fact, even the Second Circuit Court of Appeals, which originally promulgated the *Fay* doctrine has now questioned its vitality. See *Utica Mutual Insurance Co. v. Vincent*, 375 F.2d 129 (2nd Cir.); cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967).

In the Third Circuit, the Court of Appeals does not appear to have ever adopted this rule, particularly where, as here, the employer, the party seeking to invoke the court's jurisdiction, can bring to the attention of the appellate court all the alleged procedural irregularities of which it complains. See *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 98 (3rd Cir. 1978).

In light of these considerations and legal principles, exercise of jurisdiction by this Court under these circumstances would be inappropriate. Moreover, even if we had assumed jurisdiction previously, that is, in connection with Friday and Saturday's proceedings, plaintiff has not demonstrated any intervening events justifying or warranting reconsideration of the order denying the requested relief.

As we explained in our bench opinion on Saturday, neither the economic harm which plaintiff fears nor the substantial and unre-

coupable costs expended will support the issuance of an injunction. Here we call attention to the case of *Borden, Inc. v. Federal Trade Commission*, 495 F.2d 785 (7th Cir. 1974), where at page 789 the court, in discussing this issue, used the following very strong language: "Finally, the district court properly recognized that Borden's claim of irreparable injury based upon the cost and inconvenience of defending itself in administrative proceedings is not alone sufficient to justify judicial intervention in the administrative process."

Citing *Myers v. Bethlehem Corporation*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, and *Renegotiation Board v. Bannercroft Clothing Co.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123, both of which were cited in our bench opinion on Saturday. The Court further expressly reaffirms the rule of *Myers* stating that—and we quote—"Mere litigation expense, even substantial and unrecoupable costs, does not constitute irreparable injury." Furthermore, the internal appellate procedures within the Board framework and the opportunity for review by the Court of Appeals provide plaintiff, under the law, with what has been described as an adequate remedy at law.

Accordingly, we find and conclude that the Court lacks jurisdiction and, therefore, plaintiff's motion for reconsideration of the order entered May 26, 1981, will be denied.

Today, the following order will be entered: AND NOW, this 28th day of May, 1981, plaintiff's motion for reconsideration is denied, and plaintiff's complaint is dismissed for lack of jurisdiction.

If there is nothing further, court will be adjourned.

(Whereupon, at 3:41 p. m. court was adjourned.)