**Bertha KENDZIERSKI, Plaintiff,**

v.

**Steve COREY and N. Atterson Spann, Individually and in their capacity as Commissioners for Lake County, Indiana, Defendants.**

**Civ. No. H 85–436.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 20, 1985.

Rosalie B. Levinson, Merrillville, Ind., for plaintiff.

Ned M. Berbeco, Asst. Lake Co. Atty., Crown Point, Ind., for defendants.

ORDER

MOODY, District Judge.

This matter is before the Court on the Report and Recommendation of United States Magistrate filed with this Court on June 28, 1985. The Report and Recommen-

dation, as well as the findings contained therein, were prepared pursuant to the provision of 28 U.S.C. § 636(b)(3) and Local Rule M–3. The findings and recommendations were filed with this Court and mailed to the parties. Defendants have filed written objections to the Report and Recommendation of the Magistrate. The Court has made an independent review of the file and the proposed findings and recommendations of the Magistrate. For reasons discussed below, the Recommendations of the Magistrate are NOT ACCEPTED. The Motion for Preliminary Injunction is DENIED.

### I.

Bertha Kendzierski is a former building manager of the Hammond Superior Courthouse in Lake County. Kendzerski was hired on May 7, 1984 by former County Commissioner Frank Stodola. Stodola was defeated by Steve Corey in the May, 1984 primary election. Kendzierski had actively supported Stodola in that County Commissioner race. On January 7, 1985, Kendzierski received a letter from Steven Corey and N. Atterson Spann, in their capacity as members of the Board of Commissioners of Lake County, terminating her employment with the County.

At the hearing before the U.S. Magistrate in this case, Corey testified that Kendzierski's termination was unrelated to her qualifications. He testified that the purpose of the termination was to return Alice Mamala to the position because she had previously been fired by Stodola for political reasons. Corey testified that he had made a campaign promise to re-hire Mamala. It appears from the evidence presented that the substantial motiviating factors for Kendzierski's termination were her support for Stodola in the 1984 primary election and the job commitment to Alice Mamala before the primary election in exchange for the political support of Mamala and her husband.

Kendzierski filed a Motion for Preliminary Injunction on May 8, 1985 for reinstatement to a position with Lake County substantially similar in nature and in salary to her previous position. The U.S. Magistrate has recommended that the Court enter an order granting the requested preliminary injunctive relief. Because the plaintiff has failed to show that irreparable injury will result if she is denied a preliminary injunction, she is not entitled to such an extraordinary preliminary remedy.

### II.

The Recommendation of the Magistrate in this matter properly noted the prerequisites to granting a preliminary injunction. A preliminary injunction is an extraordinary equitable remedy which is not available until the plaintiff carries the burden of persuasion to demonstrate:

(1) a reasonable likelihood of success on the merits; (2) irreparable injury and absence of an adequate remedy at law; (3) that the threatened harm to the plaintiff outweighs the harm the injunction may cause the defendant; and (4) that the granting of the injunction will not disserve the public interest. *Local Div. 519, Amalgamated Transit Union v. LaCrosse Municipal Transit Utility,* 585 F.2d 1340, 1351 (7th Cir.1978); *Fox Valley Harvestore v. A.O. Smith Harvestore Products, Inc.,* 545 F.2d 1096, 1097 (7th Cir.1976); *Illinois Migrant Council v. Pilliod,* 540 F.2d 1062, 1069 (7th Cir. 1976).

"A preliminary injunction is an extraordinary remedy which is not available unless the plaintiffs carry their burden of persuasion as to *all* of the prerequisites." *Fox Valley Harvestore,* 545 F.2d at 1097.

Therefore, absent a showing of irreparable injury the District Court is obliged to deny the plaintiff's motion for a preliminary injunction. *Oburn v. Shapp,* 521 F.2d 142, 151 (3d Cir.1975) (citing *Commonwealth of Pennsylvania ex rel. Creamer v. U.S. Dept. of Agriculture,* 469 F.2d 1387, 1388 (3d Cir.1972).

The plaintiff here, Bertha Kendzierski, claims that she will suffer irreparable injury from an infringement on her First

Amendment freedom of association and from her loss of wages and employment during the litigation period. Denial of the motion for a preliminary injunction will not, however, cause Kendzierski to suffer irreparable injury and therefore, her motion must be denied.

The Supreme Court holds that infringement on a constitutional right "for even minimal periods of time, unquestionably constitutes irreparable injury" sufficient to warrant injunctive relief to avoid such injury. *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976). The Court in *Elrod* affirmed an appellate court decision that had held it was an abuse of discretion to deny preliminary injunctive relief to government employees who were being threatened with discharge because of their political affiliations. The Court pointed out that the plaintiffs' First Amendment freedoms were threatened or in fact being impaired at the time the relief was sought and therefore held that preliminary injunctive relief could properly issue to prevent the loss of First Amendment freedoms, even if only for a minimal period of time. Unlike the case at bar, the plaintiffs in *Elrod* included persons who were still under the defendant-employer's control as employees. Therefore, the defendants there were in a position to thwart the plaintiffs' exercise of the First Amendment rights and a preliminary injunction to prevent such injury was appropriate.

On the facts of the case at bar, however, the denial of a preliminary injunction will not cause even a minimal deprivation of Kendzierski's First Amendment freedoms. She is now free to express her political beliefs, endorse political candidates and associate freely with the political party of her choice. Even if the defendants at one time chilled her freedom of speech or freedom of association, they are not presently doing so inasmuch as they currently have no authority or power to control the plaintiff's exercise of her First Amendment rights.

When Kendzierski was under the defendants' control as an employee, they might have infringed on her freedoms of speech and association. These irreparable past infringements on Kendzierski's constitutional rights, however, can be remedied no better by injunctive relief than by compensatory and other corrective relief after the ordinary course of litigation.

The denial of injunctive relief under these circumstances is not intended to diminish the gravity of the alleged wrong against the plaintiff. Political patronage to the extent it compels or restrains belief or association, is "inimical to the process which undergirds our system of government and is 'at war with the deeper traditions of democracy embodied in the First Amendment.'" *Elrod v. Burns*, 427 U.S. at 357, 96 S.Ct. at 2682 (citing *Illinois State Employees Union v. Lewis*, 473 F.2d 561, 576 (7th Cir.1972)). The *past* repression of Kindzierski's freedoms of speech and association are the wrongs to be redressed. On the present facts, preliminary injunctive relief could no more "undo" the injury to Kendzierski than conventional legal remedies.

The Supreme Court has made it clear that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 952, 39 L.Ed.2d 166 (1974). Relying on that decision, the Court of Appeals for the Seventh Circuit reversed a district court order granting an injunction in *Ciechon v. City of Chicago*, 634 F.2d 1055 (7th Cir. 1980). Like Kendzierski, the plaintiffs in *Ciechon* were public employees complaining of a denial of their constitutional rights because of an employment "suspension" indefinite in duration. Despite a dissenting opinion, citing the *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) language that deprivation of a constitutional right unquestionably constitutes irreparable injury, the majority in *Ciechon v. City of Chicago* disagreed and found that loss of wages, employee benefits and opportunities for promotion during the suspension period did not constitute irreparable injury. The Court of Appeals reversed the District Court order that had granted

the injunction and found that it was an abuse of discretion to grant a preliminary injunction under such circumstances. *Ciechon,* 634 F.2d at 1057.

It would likewise be an abuse of discretion for this Court to grant a preliminary injunction to reinstate Kendzierski when the legal remedy in the ordinary course of the litigation would effect essentially the same relief.

### Conclusion

The Recommendation of the U.S. Magistrate in this matter is hereby REJECTED and the plaintiffs Motion for Preliminary Injunctive relief is DENIED.