Harold B. **FINK**, President Judge, Fifty-Fifth Judicial District, Potter County; People for Justice, Plaintiffs,

v.

**SUPREME COURT OF PENNSYLVANIA; et al., Defendants.**

**Civ. No. 86–1405.**

United States District Court, M.D. Pennsylvania.

Oct. 30, 1986.

---

Clifford A. Rieders, Rieders, Travis, Mussina, Humphrey and Harris, Williamsport, Pa., for plaintiffs.

Howland W. Abramson, Philadelphia, Pa., for defendants.

### ORDER

MUIR, District Judge.

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

### I. Introduction.

On October 7, 1986, the Honorable Harold B. Fink and the People for Justice filed a complaint and a motion for a temporary restraining order. Judge Fink and the People for Justice request that we immediately restore Judge Fink to his full duties as President Judge of the Fifty-Fifth Judicial District, Potter County, Pennsylvania, and enjoin all proceedings of the Judicial Inquiry and Review Board of the Supreme Court of Pennsylvania (the Board) until such time as we rule upon whether a preliminary injunction should issue. A hearing after notice to the Defendants was held on Plaintiffs' request for a temporary restraining order on Thursday, October 9, 1986. Judge Fink testified that he has for all practical purposes been suspended without a hearing and that his decision whether to seek retention at the spring primary in 1987 is being thwarted by the inaction of the State authorities. We declined to issue such an order from the bench at the conclusion of that hearing because defense counsel had not had an opportunity to research the complex questions before us and because of the care we deem advisable to exercise in a matter of this delicacy. As Plaintiffs had filed a brief in support of their motion on October 9, 1986, we allowed the Defendants to file a responsive brief and the Plaintiffs to file a reply brief. The briefing was completed on October 22, 1986 and the motion is ripe for our consideration.

### II. Discussion.

■ Before we issue a temporary restraining order we must determine (1) whether the Plaintiffs have made a strong showing that they are likely to prevail on the merits, (2) whether the injury is imminent, (3) whether the injury is irreparable, (4) whether granting the injunction will substantially harm other parties interested in the proceedings and (5) whether such an injunction will adversely affect the public interest. *See Pennsylvania v. United States Department of Agriculture*, 469 F.2d 1387, 1388 (3d Cir.1972); *Northern Pennsylvania Legal Services, Inc. v. County of Lackawanna*, 513 F.Supp. 678, 681 (M.D.Pa.1981) (Nealon, C.J.). If the movants cannot establish each element of the above-mentioned test, a temporary restraining order should not issue. *See Skehan v. Board of Trustees*, 353 F.Supp. 542, 543 (M.D.Pa.1973). (Muir, J.). We shall discuss the above-mentioned criteria as they apply to the two requests made by Judge Fink and the People for Justice in their motion. A temporary restraining or-

der is equitable in nature and discretionary with the trial judge. *See United States Steel Corp. v. Fraternal Assoc. of Steelhaulers,* 431 F.2d 1046 (3d Cir.1970).

A. The Pennsylvania Supreme Court Order.

The Pennsylvania Supreme Court issued the following order:

AND NOW, this 29th day of July, 1986, it is ORDERED, that HAROLD B. FINK, President Judge, Fifty-Fifth Judicial District, Potter County, be and hereby is assigned to perform administrative and non-decisional judicial duties until further Order of the Court. By the Court: Robert N.C. Nix, Chief Justice.

■ A restoration by us of Judge Fink to his full duties would in effect be a reversal by us of an order of the Supreme Court of Pennsylvania. The power to do so exists. *Gershenfeld v. The Justices of the Supreme Court,* 641 F.Supp. 1419 (E.D. Pa.1986) (Bechtle, J.); *see also, Id.*; Stay order, (3d Cir. June 27, 1986) (Pennsylvania Supreme Court given 30–day stay, which expired July 27, 1986). We will exercise such an extreme power only with the greatest of care.

■ It is our duty in reviewing a motion for a temporary restraining order to determine first whether Plaintiffs have made a showing that they are likely to prevail on the merits in federal court. Several obstacles to prevalentness in federal court exist in this case.

The abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), may preclude us from acting. That doctrine requires federal courts to be wary of intervening by way of an equitable action in ongoing state proceedings.

For example, in the case of *Erdmann v. Stevens,* 458 F.2d 1205 (2d Cir.1972), an attorney sought to enjoin a state court from conducting disciplinary proceedings against him. The Court of Appeals applied the *Younger* doctrine to that case. The Court stated that the principles of *Younger* applied to a court's disciplinary proceedings against a member of its bar. *Erdmann,* 458 F.2d at 1209. The Court further stated, citing *Law Students Civil Rights Research Council, Inc. v. Wadmond,* 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971), that state courts have traditionally been allowed wide discretion in the establishment and application of standards of professional conduct to be observed by their court officers. *Erdmann,* 458 F.2d at 1210. The *Younger* doctrine makes it difficult for the Plaintiffs to show that they are likely to prevail on the merits at least until both the Pennsylvania Supreme Court and its disciplinary arm have failed to act within a reasonable time. Additionally, other abstention doctrines apply.

The Supreme Court in the case of *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) ruled that a company which was seeking to enjoin enforcement of an order of the Texas Railroad Commission could not prevail in federal court because the state court had not been given a fair opportunity to address the issue. The Court noted that a federal court should not be asked in an equity matter to decide an issue which may be mooted by a ruling of the state court. Thus, the doctrine in *Pullman* which is grounded in comity may well apply to the case before us. We should not reach the constitutional issue if upon a motion for rehearing or a motion to vacate made in the Pennsylvania Supreme Court that court decides to reinstate Judge Fink pending a review of any recommendation made by the Board.

One other abstention doctrine may apply to this case. The Supreme Court in the case of *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) held that a federal court should abstain to avoid needless conflict with the administration by a state of its own affairs. The *Burford* decision was based in part upon the availability of adequate state court remedies. The Supreme Court has often held that where a situation might otherwise rise to a level of constitutional deprivation there is

no deprivation when adequate pre or post deprivation remedies exist at the state level. *E.g. Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). We do not hold that *Burford* and its progeny actually will bar us from action in this matter. Nevertheless, for the purposes of a temporary restraining order, the difficulties presented by *Burford, Younger* and *Pullman* are sufficient for us to conclude that the Plaintiffs are not likely to prevail on the merits.

The Plaintiffs cite to us the opinion of Judge Bechtle in Gershenfeld vs. Justices of the Supreme Court, E.D.Pa. Civil No. 86-3473 (August 19, 1986), for the proposition that we are not precluded from enjoining the disciplinary board and vacating an order of the Supreme Court of Pennsylvania in regard to a disciplinary matter. In *Gershenfeld* an attorney was prohibited without a hearing from practicing law pending further action by the Pennsylvania Supreme Court. Like the case before us the order of the Pennsylvania Supreme Court in *Gershenfeld* was issued without a background or reasoning under a Pennsylvania rule which allowed for emergency suspension of attorneys. Judge Bechtle held that the Pennsylvania Rule under which the Supreme Court of Pennsylvania suspended an attorney from the practice of law without a full adversarial hearing was unconstitutional on its face because it did not allow for a speedy post deprivation resolution of the attorney's right to practice. Although Judge Bechtle's opinion in *Gershenfeld* is helpful, it is not directly on point.

First, the matter was not before Judge Bechtle by way of a motion for a temporary restraining order. Second, the discipline involved was the immediate suspension of an attorney, not the "reassignment" of a Judge. Judge Bechtle based his opinion on the substantial due process interest an attorney has in being allowed to practice. *See Gershenfeld,* At 1428. In the case of the immediate suspension of an attorney the due process required by the Constitution is greater than that in the case before us. Judge Bechtle stated "[t]he de-

lay is in large part unreasonable because of the severe and irreparable effect on the plaintiff each day he is suspended.... plaintiff is deprived of his livelihood." and his reputation is greatly diminished. *Gershenfeld,* At p. 1428. Judge Fink's income has not been reduced and he is still President Judge of Potter County. Although his reputation may be diminished by the pending action of the Board and the Pennsylvania Supreme Court and although his reassignment is tantamount to a suspension, he remains a salaried judge and has minimal non-adjudicatory powers. The loss to the People for Justice is *de minimus.* The Pennsylvania Supreme Court has the power to assign other judges to hear cases in Potter County pending the final resolution of this matter. Third, unlike the *Gershenfeld* matter, the Board has held a hearing about 2-½ months after the suspension. Whether this is sufficiently prompt and whether the proceedings against Judge Fink will be promptly concluded should not be determined on the limited record before us and is better left to another day. The Pennsylvania Supreme Court undoubtedly is aware that an interim or temporary emergency deprivation of a liberty interest is constitutional only so long as a pending and prompt judicial or administrative hearing will definitively determine the issues involved. *Barry v. Barchi,* 443 U.S. 55, 64, 99 S.Ct. 2642, 2649, 61 L.Ed.2d 365 (1979). Last, Judge Bechtle based his opinion in part on the state interest involved in suspending an attorney. *See Gershenfeld,* At 1428. Judge Bechtle was of the view that there was no compelling state interest in the immediate suspension of an attorney who is merely suspected of disobeying state disciplinary rules. The state interest in its judiciary stands on a different footing. Thus, because this matter is before us by way of a request for a temporary restraining order and because of the types of interests involved, we are of the view that *Gershenfeld* is not dispositive in regard to the temporary "reassignment" of a Common Pleas Judge pending a speedy disposition of the matter in the state courts.

In light of the many procedural obstacles in the Plaintiffs' path, we are unable to conclude for purposes of a temporary restraining order that they would be likely to prevail on the merits. Therefore, we shall not enter a temporary restraining order on their request that the order of July 29, 1986 of the Supreme Court of Pennsylvania be vacated. Because Plaintiffs are unable to meet the first part of the test for a temporary restraining order, we shall not address the other parts of the test.

B. Proceedings of the Board.

█ Insofar as the motion for a temporary restraining order requests that we enjoin all further proceedings of the Judicial Inquiry and Review Board of the Supreme Court of Pennsylvania until such a time as we rule upon whether a preliminary injunction should issue, we are of the view that the above discussion of abstention under the *Pullman, Burford,* and *Younger* doctrines applies equally to that issue.

Although a federal court may enjoin a state disciplinary proceeding if bad faith or exceptional circumstances exist, *Middlesex Cty. Ethics Comm. v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2575, 73 L.Ed.2d 116 (1982), no evidence of bad faith is before us and the delay in the state proceedings is not presently so egregious as to constitute exceptional circumstances. As noted by Judge Bechtle in *Gershenfeld,* federal courts should intervene when the state process does not provide for a prompt final disposition of a temporary or emergency suspension. *See also Barry v. Barchi,* 443 U.S. 55, 64, 99 S.Ct. 2642, 2649, 61 L.Ed.2d 365 (1979). It is our view that enjoining the Board's proceeding would unduly thwart the proceedings rather than encourage their prompt and final resolution. Indeed, a fair reading of this order and the cases cited herein puts the Board and Supreme Court on notice that under the Constitution it would be prudent to act promptly to resolve this matter. We shall decline to issue a temporary restraining order regarding the proceedings of the Board.

Having resolved the motion for a temporary restraining order we shall schedule a hearing on the issue of whether a preliminary or permanent injunction should issue.

NOW, THEREFORE, IT IS ORDERED THAT:

1. *Denial of Temporary Restraining Order.* Plaintiffs' motion for a temporary restraining order filed October 7, 1986 is denied.

2. *January 1987 Trial List.* The above case is placed on our January, 1987 trial list.

3. *Pre-trial Conference.* The pre-trial conference will be held at Williamsport, Pennsylvania on Monday, January 5, 1987 at a time to be announced.

4. *Jury.* Juries will be drawn at Williamsport, Pennsylvania, beginning Tuesday, January 6, 1987 at 10:00 A.M. for those cases on the list which are to be tried to a jury in whole or in part.

5. *Motions.* All motions to dismiss or for summary judgment shall be filed by November 15, 1986. All other motions shall be filed by December 1, 1986. All motions shall be supported by briefs filed contemporaneously with the motions.

6. *Discovery.* All discovery in the above case shall be completed on or before December 26, 1986.

7. *Consolidation for Trial.* Pursuant to Fed.R.Civ.P. 65(a)(2), the trial of the above-captioned action on the merits is consolidated with the hearing regarding the application for a preliminary injunction.

8. *Modification of Scheduling Order.* The provisions of this scheduling order may be modified by the Court sua sponte or upon motion timely filed for good cause.