**Elizabeth DOLE, Secretary of Labor, United States Department of Labor**

v.

**William KUTSEY t/a Hickory Coal Company.**

**Civ. A. No. 89–7874.**

United States District Court, E.D. Pennsylvania.

Feb. 7, 1990.

Joseph Crawford, U.S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

William Kutsey, Pine Grove, Pa., pro se.

## OPINION

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the plaintiff's motion for a preliminary injunction in the captioned action. A hearing without a jury was held before the court in Easton, Pennsylvania, on February 1, 1990. After consideration of the testimony taken and the documentary evidence received, the court makes the following findings of fact and states conclusions of law, pursuant to Fed.R.Civ.P. 52(a).

## FINDINGS OF FACT

1. This is an action for injunctive relief brought against the defendant for failure to correct the conditions alleged in various citations and orders, and for the failure of the defendant to allow representatives of the plaintiff to conduct an inspection of the defendant's coal mine, pursuant to the Federal Mine Safety and Health Act of 1977, 30 U.S.C.A. §§ 801 *et seq.* (West 1986 & Supp.1989).

2. Plaintiff's representatives issued several citations and orders, dated August 14 and August 15, 1989, against the defendant for conditions at the defendant's mine that were in violation of the law.

3. On the morning of September 19, 1989, plaintiff's representatives arrived at the defendant's mine to inquire whether the defendant would sign a Roof Control Plan, to inspect the defendant's mine, and to examine outstanding violations. While there, the plaintiff's representatives observed the defendant operating a front-end loader against which a citation had been previously issued for lack of a roll over protection device. The defendant has admitted using the loader, even though it was under citation.

4. On the morning of September 19, 1989, when the plaintiff's representatives told the defendant that they wished to inspect the mine, the defendant promptly shut off the fans that ventilated the mine. Such action made an inspection of the mine impossible that day and prompted the plaintiff's representatives to issue the defendant a citation for indirect denial of entry. A citation was also issued for continued use of the front-end loader.

5. The defendant claimed he had to go to a conference call scheduled for September 19, 1989 with the District Office of the

Department of Labor, Mine Safety and Health Administration regarding a Roof Control Plan. This conference, however, was not due to be held until 2:00 P.M.

6. The plaintiff's representatives returned to the defendant's mine on September 20, 1989, but left after discovering that no one was there. They returned the next day, September 21, 1989. Again, upon encountering the plaintiff's representatives, the defendant became agitated, discontinued the power to the mine, and shut himself in the hoist house. An order for indirect denial of entry was drawn up against the defendant. When the defendant refused to receive citations and orders drawn up against him, the plaintiff's representatives left them at the door of the hoist house.

7. Because of their inability to gain access to the defendant's mine on September 19 and 21, 1989, the plaintiff's representatives were unable to ascertain whether the defendant had abated the outstanding citations and orders issued previously to the defendant.

8. The defendant testified that his wife and brother-in-law had been working with him since 4:00 A.M. on the morning of one of the visits.

9. Kay Lynne Schervanik, an employee of Superior Preparation Company, Inc., is responsible for seeing that payment is made to the company's coal suppliers. One of its suppliers is the defendant. According to the company's records, the defendant has supplied it with 2,577 tons of coal from February 15, 1989 to January 30, 1990. Ms. Schervanik stated that the defendant's coal is mixed in with the coal provided by other suppliers. That coal is then prepared by the company for sale, both retail and wholesale, to other brokers. These brokers are not just in Pennsylvania. Ms. Schervanik testified that the company sells to brokers in Connecticut, Vermont and Delaware.

## CONCLUSIONS OF LAW

1. This action is brought under the Federal Mine Safety and Health Act of 1977, 30 U.S.C.A. §§ 801 *et seq.* (West 1986 & Supp.1989) (hereinafter referred to as the "Act").

2. Jurisdiction is founded upon Section 108 of the Act, 30 U.S.C.A. § 818.

3. At all relevant times herein mentioned, defendant William Kutsey did business and traded as Hickory Coal Company, and operated a coal mine subject to the Act in or near Ravine, Schuylkill County, Pennsylvania, within the jurisdiction of this court.

4. The defendant's mine is subject to the Act, given the sale of the defendant's coal to entities outside the Commonwealth of Pennsylvania. 30 U.S.C.A. § 803.

5. On August 14, 1989, pursuant to Section 103 of the Act, 30 U.S.C.A. § 813, an authorized representative of the plaintiff determined that the defendant's mine was not in compliance with standards under the Act and found that certain conditions existed in the mine which constituted violations of the mandatory standards set forth in Parts 75 and 77 of Title 30, Code of Federal Regulations.

6. Numerous citations and orders, dated August 14, 1989 and August 15, 1989, were issued to the defendant, pursuant to Section 104 of the Act, 30 U.S.C.A. § 814, requiring him to abate the violative conditions. Such abatement was to take place on or before September 14, 1989.

7. Twice, the plaintiff's representatives requested entry to the defendant's mine, once on September 19, 1989 and again on September 21, 1989, to conduct an inspection of the mine and to determine whether the previously cited violations had been corrected. The defendant refused entry to the mine and was continuing to operate the front-end loader in violation of a prior order.

8. The citations and orders referred to above remain in effect since they have not been vacated, terminated or withdrawn. 30 U.S.C.A. § 814(h). The defendant has failed and refused to comply with these citations and orders, despite the plaintiff's repeated attempts to secure compliance.

9. The defendant's repeated failure and refusal to comply with these citations and

orders or to permit the plaintiff's representatives to enter and to inspect the mine constitutes a continuing hazard to the health and safety of those who work in or about the mine and interferes with, hinders and delays the plaintiff or her authorized representatives in carrying out the provisions of the Act.

10. The plaintiff has no adequate remedy at law.

11. In order to obtain a preliminary injunction, the following factors must be considered:

(a) The threat of irreparable harm to the plaintiff if the injunction is not granted;

(b) the harm that granting the injunction would inflict on the defendant;

(c) the likelihood that the plaintiff will succeed on the merits; and

(d) the public interest.

*Commonwealth of Pennsylvania v. U.S. Department of Agriculture*, 469 F.2d 1387 (3d Cir.1972).

12. The court has weighed these factors in the instant case. We believe that the defendant has repeatedly and strenuously resisted the plaintiff's prior attempts to secure his compliance with the law. If an injunction is not issued, the plaintiff cannot secure the health and safety of those who work in and around the defendant's mine. That "harm" to the plaintiff is "irreparable" without an injunction. We are aware that the mine is the source of the defendant's livelihood. We still believe, however, that the laudable purposes of the Act outweigh whatever harm may come to the defendant through this injunctive relief. The evidence presented at trial leads us to believe that the plaintiff would succeed on the merits. The public interest is served in preventing the serious injury of those who, if permanently maimed, would no longer be physically able to contribute to society.

13. We find that the plaintiff is entitled to the injunctive relief which she seeks.

Accordingly, the court issued a preliminary injunction from the bench.